**MORGAN, LEWIS & BOCKIUS LLP**
*(Pennsylvania Limited Liability Partnership)*
502 Carnegie Center
Princeton, New Jersey 08540-7814
Terry D. Johnson
Jason J. Ranjo
(609) 919-6689 (phone)
(609) 919-6701 (fax)
*Attorneys for Plaintiff*
*Colgate-Palmolive Company*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLGATE-PALMOLIVE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MEL RECI, ARBNOR RECI, ALIM RECI, and RECI & SONS, LLC,<br><br>Defendants. | Case No.:<br><br>**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY** |

Upon the Verified Complaint of Plaintiff Colgate-Palmolive Company ("Plaintiff," "Colgate" or "the Company"), sworn to on the 20th day of December, 2018, and the exhibits annexed thereto, and the Memorandum of Law in Support of the Order to Show Cause for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, and the exhibits annexed thereto, filed herewith, and having determined that:

DB1/ 101123925.1

1. Plaintiff has shown a likelihood of success on the merits of its claims as set forth in its Verified Complaint and Memorandum of Law that its rights with respect to its property, trade secrets, confidential and proprietary information, business relationships, and agreements are being and will continue to be violated by Defendants Mel Reci ("Mr. Reci"), Arbnor Reci, Alim Reci, and Reci & Sons, LLC ("Reci & Sons") (collectively, "Defendants"), unless Defendants are temporarily enjoined and restrained;

2. Plaintiff has made an adequate showing that it will suffer irreparable harm in the absence of immediate injunctive relief based on the actual and/or potential loss and misuse of Colgate's trade secrets and confidential information and goodwill and valuable relationships with its customers, which are protectable interests;

3. Plaintiff has no adequate remedy at law;

4. Greater injury will be inflicted upon Plaintiff by denial of temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief; and

5. The issuance of injunctive relief will serve the public interest in the protection of trade secrets, confidential information, and the enforcement of reasonable contracts.

**IT IS HEREBY:**

**ORDERED** that Defendants show cause before the Hon. _____ U.S.D.J., at the United States District Court for the District of New Jersey, at the Martin Luther King, Jr. U.S. Courthouse and Federal Building, 50 Walnut Street, Newark, NJ 07101, on the _____ day of December, 2018 at 9:00 a.m., or as soon thereafter as counsel may be heard, why a temporary restraining order should not be issued under Rule 65 of the Federal Rules of Civil Procedure with the following relief:

A. Reci & Sons is enjoined and restrained from conducting any and all business operations; (ii) Mel Reci, Arbnor Reci, and Alim Reci are enjoined and restrained from engaging in any business competitive with Colgate, including, but not limited to, the oral care, personal care, home care, and pet nutrition businesses; (iii) Defendants are enjoined and restrained from using or disclosing Confidential Information, including any proprietary and trade secrets information, of Colgate for any reason; and (iv) Defendants are enjoined and restrained from interfering with Colgate's contractual and business relationships with the Company's customers;

B. On or before December ___, 2018, Defendants shall return all of Colgate's property taken during and/or after Mr. Reci's employment with Colgate, including without limitation, product research, product

information, product designs, product applications, technical processes, product test and performance results; and it is further

**ORDERED** that pending the return date on this Order to Show Cause, and the Court's decision on the temporary restraining order, the Defendants are temporarily enjoined and restrained from engaging in any of the activities described in paragraphs A and B, above; and it is further

**ORDERED** that the Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the parties are advised to the contrary no later than \_\_\_\_\_ days before the return date; and it is further

**ORDERED** that Defendants shall file and serve a written response to this Order to Show Cause and the request for entry of preliminary injunctive relief and proof of service by December \_\_\_\_, 2018.  Any objection to the relief requested as of the return date of this Order to Show Cause shall be deemed to have been waived in the event that such objections are not timely filed with the Court and served simultaneously on counsel for Colgate.  Defendants shall not publicly file any documents in this case or otherwise disclose any specific information regarding the products of Colgate, Reci & Sons or any of its affiliate companies, including, but not limited to, formulas and manufacturing instructions; and it is further

**ORDERED** that Plaintiff must file with this Court and serve simultaneously on Defendants' counsel any written reply to Defendants' order to show cause opposition by December _____, 2018; and it is further

**ORDERED** that a hearing shall be held on December _____, 2018 on Colgate's application for a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, during which time the Court will hear the testimony of witnesses and presentation of evidence regarding a preliminary injunction with respect to the above relief; and it is further

**ORDERED** that, prior to the preliminary injunction hearing, the parties shall engage in expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) as set forth below, concerning the factual allegations contained within and the subject matter of the Verified Complaint:

a)   Within ___ days of this Order, Plaintiff shall be entitled to serve Interrogatories, Requests for the Production of Documents and/or Requests for Admission upon Defendants, which may include but is not be limited to requests for the production of any electronic mail or communications (including on Mr. Reci's personal devices) sent between the Defendants regarding the illegal misappropriation of Colgate's confidential information and trade secrets;

b)   Within ___ days of this Order, Defendants shall produce all electronic storage devices and passwords for all cloud storage and email accounts (including

personal devices and accounts) used to download Colgate information for purposes of conducting a forensic analysis of those devices and accounts and to arrange for the permanent destruction of any and all Coalgate information in Defendants' possession, custody, or control;

      c)     Defendants Mel Reci, Arbnor Reci, and Alim Reci shall appear for depositions at the offices of Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540 on a mutually agreeable date not later than 21 days from the date of this Order; and it is further

     **ORDERED** that Defendants shall preserve all documents, electronically stored information and other information relevant to the factual allegations and claims contained within the Verified Complaint, including any communications, text messages or emails on personal electronic devices, such as cellular telephones, or stored in cloud storage accounts, by and between the Defendants and anyone regarding Colgate's confidential information; and it is further

     **ORDERED** that on two (2) days' notice to Colgate, Defendants may appear and move to dissolve or modify the order; and it is further

     **ORDERED** that service by FedEx (no signature required) and Email of a copy of this Order and the papers on which it is based upon Defendants or their counsel on or before December ___, 2018, and shall be deemed good and sufficient service thereof; and it is further

**ORDERED** that Defendants shall file an Answer to or otherwise move with respect to the Verified Complaint within twenty-one (21) days after service of same and that failure to do so could result in a default judgment being entered against Defendants for the relief sought in the Verified Complaint; and it is further

**ORDERED** that the Court will set a security amount pursuant to Federal Rule of Civil Procedure 65(c) in the amount of $_____, to be given by Plaintiff no later than December \_\_\_\_, 2018.

_____
U.S.D.J.

Dated: December \_\_\_\_\_, 2018